May it please the Court, Carmen Chavez for the petitioner Jorge Alfredo Rodas. I wish to reserve two minutes for rebuttal. The petitioner of Guatemala National seeks judicial review from this Court of a final order of removal rendered by the Board of Immigration Appeals denying his request for deferral of removal under the Convention Against Torture. Jurisdiction in this matter is governed by I.N. Immigration Nationality Act, Section 242A1 and 8 CFR, Section 208.18e. The availability of judicial review in this matter is not barred by Section 242A2C precluding the Court's jurisdiction to review final orders of removal issued to an alien by reason of that alien's status as an aggravated felony for the following reasons. First, although the notice to appear charges that the petitioner is removable because he had been convicted of a theft offense governed by Section 484 of the California Penal Code the record before this Court does not establish unequivocally that the petitioner has been convicted of an aggravated felony or indeed a theft as defined by Federal law. May I ask a question here? Yes. This case turns on whether he was convicted of an aggravated felony. Does the fact that he was sentenced to two years suggest that he committed an aggravated felony? No, Your Honor. Under Corona Sanchez, which this Court decided, this circuit decided, it stated that in order to find out if the person has been convicted of a crime of theft as in this case, the theft had to be, the state statute had to mirror the Federal generic definition of a theft offense. This is what is known now as a categorical approach. And in what respect is his conviction not of a theft offense? His conviction is not a theft offense because under the modified categorical approach, well first let me start out by, the theft offense that is the basis of why we're here today is pursuant to Section 484A of the California Penal Code and this Court in Corona Sanchez has decided that under the categorical approach, it did not facially satisfy because the state statute did not mirror the Federal generic definition. Therefore, therefore, the Court said it had to move on to a further analysis, which is now known as a modified categorical approach. And under that in order to make his determination that in fact the petitioner had pled guilty to each element of a theft offense as defined by the Federal generic definition. And that is what is at issue here in this case today, this morning. Okay, and what do we know about what he pled guilty to? We know that he pled guilty to Section 487.1. I think we know more precisely. Don't we know that he pled guilty to Count 1? Yes, Your Honor. And the Court has in its records a charging document that states what he was charged for. However, this same Court has determined that charging documents alone are insufficient. We need to look further. We need to look at other evidence within the record. What is that other evidence I think is the question? The other evidence is facts and documentation that aids this Court in determining. What is the evidence in this case? The records in this case is for this Court minutes, his charging documents, and an abstract judgment. Which show what? Which show what he was convicted of. What was he convicted of? Okay, for 1987, he was convicted under Section 487.1, which is grand theft. And? And it also talks about what his sentence was. And this record begins on administrative record page 1584. How does the modified catechol approach help you in this case? What are the facts that assist you to say it is not an aggravated felony? The facts of this case are that there is nothing in the record that unequivocally determined that the petitioner has in fact been convicted of a theft defense pursuant to the federal generic definition because there is nothing in the record, Your Honors, that gives any kind of indication that he personally either signed perhaps a transcript of the pleading. In this case, he pled guilty. This was not a jury trial. He pled guilty. There is nothing in the evidence that state that he pled guilty to each element of the crime of theft defense. There is no signature anywhere in the record. There is no initials. And even the judgment that's included in the record is an abstract. It does not talk about the elements within what is needed for a theft defense. Now, let me be specific because here's what I see. On 1584 of the record, we have the criminal complaint and count one on 1584 says that there's a charge of a theft of money of value exceeding $400 of the property of Medina Rios. And then on 1604, we have the abstract judgment which says that he is convicted of count one, the count that I've just read you, grand theft, and sentenced to two years. Now, assuming that that's accurate, that this was the charge, count one, and that he pled guilty to count one and was sentenced to two years, why is that not a theft defense within the mean definition of aggravated felony? That is to say, a theft defense for which the punishment is more than one year. Your Honor, it is still inadequate because the elements of a theft defense are not delineated and there is no evidence that he assented or that he pled guilty to those elements. What element is not present here? That is to say, we have a theft of property, a theft of money, and we have a sentence of imprisonment imposed for two years. Why is that not sufficient? Assuming that that's true, why is that not sufficient to constitute under Corona Sanchez or under a modified approach? On page 1584 under count one, it does not state criminal intent. And yet it provides a definition, but as this Court has determined, a charging document alone that gives a description of what the person has been convicted of or what the charge is, is insufficient. It has to be looked at with other extrinsic evidence. Is there evidence, anything in the plea agreement that would assist us here? No, Your Honor. Was there a plea agreement? There is no plea agreement. There is no signed plea agreement. Is there any transcript of the plea proceeding that would assist us? No, Your Honor. There is no transcript. There is no signed pleading agreement. There is no indication that this record meets the requirements of Corona Sanchez, which calls for unequivocal evidence on this issue. The Court made clear that it would not speculate or draw inferences. The evidentiary record needs to survive the scrutiny of the Court's modified categorical approach. The record in this case fails to do so. Your point was that the record must unequivocally show this. Yes, Your Honor, as was stated in Corona Sanchez. All right. You have about a minute left. We'll give you two minutes for your rebuttal. Okay. Excuse me. Do you wish to reserve the remainder of your time for rebuttal? Yes, I have one minute left. Yes. Yes, Your Honor. Thank you. Thank you. May it please the Court. My name is Chris Kobach, representing the United States Government. The petitioner in this case has had a criminal career spanning two decades in the United States, during which he has swindled his fellow Guatemalans out of thousands upon thousands of dollars by misrepresenting himself to them as someone who can provide legal immigration documents. And by his own admission, he has also misrepresented himself before the immigration courts of the United States, giving various accounts of his past in Guatemala. But this Court need not untangle that very complicated web of conflicting factual testimony that the petitioner has spun, because, as you have indicated in your questioning, it's actually a fairly easy case to resolve on purely jurisdictional grounds using Corona Sanchez. Why is it easy? What shows unequivocally? I mean, assuming that the categorical approach does not apply, because it's possible under this statute to give a sentence of less than one year, if we use a modified categorical approach, what unequivocally shows that he was convicted of an aggravated felony? Let me walk the Court through it, Your Honor, if I may. The Court in Corona Sanchez is absolutely right. The categorical approach would not be appropriate here because the crime is so broadly defined at 484A. The Court then said quite explicitly what records are enough to establish conviction of a theft crime where there is a guilty plea. And quoting the Court, charging papers alone are never sufficient. However, charging papers may be considered in combination with a signed plea agreement. In addition, the Court went on on page 1211, the Court may consider the transcript of the proceeding as well as the judgment. In this case, we have all four documents on the record. We have the charging papers at pages 1584 to 1591. We have the signed plea agreement at page 1596. What does the plea agreement show? The plea agreement shows, states the crime, 484, and shows that the defendant will knowingly plead guilty to the crime. Now, the plea agreement does not go through, you know, the elements of the generic definition. That's my point. Right. But if I may continue, Your Honor, you also have the judgment document. And then, perhaps most importantly, there is a transcript here, and that is the transcript of the immigration court's hearings, which may be found at pages 355 through 358, 285 through 292, and 603 through 604. Those are the statements made on growth at the immigration hearing on October 24, 2000, where the petitioner describes in his own words how these scandals or how these swindles would work. And he states that he operated with a partner and that they persuaded fellow Guatemalans, that they would provide immigration documents, took their money, and then provided nothing. Is each and every element of the theft reflected in that transcript? I believe so, Your Honor. If we look at the basic elements of a theft offense, as this Court defined in Corona Sanchez when adopting the Seventh Circuit notion of a generic theft offense, there are basically three. One, a taking of property. Two, without the owner's consent. And three, with the criminal intent to deprive the owner of the rights and benefits of ownership. Here, the documents on the record clearly establish all of the elements. The indictment and the judgment establish, certainly, the taking of the property, the property amounts, and without the owner's consent. As far as the criminal intent goes, I would submit two things. First, the petitioner's own description in the sworn testimony shows that the petitioner intended to do what he was doing. He in no way says, this was a mistake. I thought that they were going to be paid. He didn't plead guilty. He pleaded no contendery. That's correct. On the first count. And all of the other counts were dismissed. He pled to the one, yes, and the others were dismissed. There were actually 25 counts, and they were all basically the same crime, multiple victims through this scheme. But if you look at the petitioner's testimony, he describes what was done in fairly complete terms, and at no point does he say, I didn't intend to do this, it was a mistake, or we really meant to give them the money, but somehow something happened and it got messed up in the mail. There's no evidence whatsoever of the lack of willfulness here. And so I think the documents stating the crime, and, of course, I believe that in stating the crime, citing chapter and verse, the plea agreement and the abstract of the court conviction imply fairly clearly that all of the elements of the crime were present. Do we have case law that tells us what we do with a no-low plea as distinct from a guilty plea? I'm not aware of such a case, Your Honor, that makes that distinction. Are you aware of case law that treats a no-low plea as if it were, that is to say a case law, there's a no-low plea where the distinction is not made? Off the top of my head, Your Honor, I cannot remember one at this point. But I think it's pretty clear that he's not contesting any of the charges brought against him. And, again, his own testimony indicates that he acknowledges what he did in sworn testimony before the immigration courts. He was convicted. He played no look and tundra to these accounts. And I should just note for the Court's reference that he also had two prior convictions. It appears that they were very similar convictions, one other one in California and one in Utah. And I believe he served a total of more than three years for all of these convictions. And the essence of all of them seems to be the same. But we are relying purely on the 1997 conviction.  And we think the documents are adequate. We have all four of what this Court required. Can you tell us in what respect the California statute under which the conviction took place was too broad? Here you simply said it was too broad, and therefore we need to look at the particulars. In what respect is it too broad? What are we trying to do to narrow here? Yes, Your Honor. This Court went through that in Corona-Sanchez and indicated a number of ways in which it might be too broad, one of which was that it included the taking of labor and that this wasn't within the sort of generic, typical theft crime. It also included – it's also, I think, called a wobbler statute. The statute can either be a petty offense or a grand theft offense. And so in that sense, where it swings to petty, it also would be too broad, encompassing things that are not part of the aggravated felony. But that actually – I think your question is more precise than that. The Court also gave a couple of examples of why the statute is too broad. Aiding and abetting a theft is covered in 484A. That, as this Court has determined, would not necessarily be covered under a generic theft statute. I think those are just a couple – the Court goes through this on page 1207 and 1208, defining how 484 is a little bit too broad, so we can't use the – But the count here is clearly not for theft of services. This count is for theft of $400. There's nothing in the count about aiding and abetting and so on. That's right, yeah. And for more than $400, the charging document doesn't go explicitly to what was charged to each victim. Could you identify for me specifically the documents in the record that show that Rodas had the requisite criminal intent? Okay, yeah. If we can go to the records – the record of the alien's testimony before the immigration judge, 355 to 358. He goes through on page 355 what were you doing. I was working with a man who was using fraud papers – using fraud for papers for people. The immigration judge goes through how much money was earned in the process of doing this. So who made the papers? The judge – this is the judge questioning him. We don't have papers, but what were you doing? Taking money from them and not giving them papers after all? Yes. Yeah, I'm sorry, where are you reading that from? I'm on page 356 and I'm moving on to page 357 of the record. Taking money from them and not giving them papers after all? Answer, yes. Okay, so it was theft by false pretenses. Yes, I'm sorry, very sorry. Yeah. Do you – under Corona-Sanchez, are we supposed to look to that and determine that he really had the intent? Corona-Sanchez lists four types of documents that you can look to, and one of them is the transcript. In that case, it was a transcript of a plea hearing. Here we would think it would be the transcript of the – No, I understand that we could look to the transcript, but are we to really determine that he had the intent? Or why is that? I think – If he's convicted of the crime. Yeah, that's what I was going to get. I think it's a very good question, Your Honor, because if we found – if we would – if this Court were to find that in every case you had to have something very precise where there is a statement of willfulness and breaking down each element of the crime, then you would have many, many aggravated felonies where the – because of the courts of whatever State, they may not actually produce a document where they say, yes, it was willfulness. Now, in this case, we're fortunate in that the testimony here does show willfulness, does show that he knows what he was doing, says he was sorry for it. But I'm just wondering whether we should look to that, whether if it's not clear from – I think – that he did have – that he did commit this crime? Actually, I think that's a very good question, Your Honor, because then under Ventura, you would be going into questions that – well, it's a legal question, so maybe it wouldn't be precluded by Ventura. Let me step back a moment. I think it would just be a dangerous precedent to set because then you would have to – you would force – Is the law clear on it? I don't think it is, no. It's simply – the reason that we ask for all of the elements is because this Court has said that in the Corona-Sanchez precedent, it said if it's not on its face within aggravated felony or a theft offense, then we must look at the actual elements for which the defendant was convicted. And that's what we're doing. But with respect to intent, is the statute too broad? That is to say, is this California theft offense statute a sort of strict liability or negligence statute, or does the statute itself require criminal intent? No, sir. The statute does require criminal intent. The statute describes different types of theft, but in no place does the statute contemplate theft by mistake or some sort of theft without willfulness. Okay. You have used your time. Thank you. Thank you. Are there no further questions? Thank you. The government should – the government is asking this Court to look beyond the criminal court record and to look into facts surrounding the conviction, which are contained in later testimony in the transcripts in the immigration proceedings. And I would submit to this Court that it should not use those transcripts to determine if, in fact, the Petitioner pled guilty to criminal intent pursuant to the Federal generic definition of what is a theft offense. Counsel, maybe you could help me then. I assume he was reading from the transcript of the plea. He was reading from the transcript of the immigration hearing. Is that what you're suggesting? During the immigration proceedings? No. No. I thought you were just suggesting that what he was – Corona Sanchez says that you may look to the transcript of the plea agreement. Yes. I didn't have the record with me. I assume that that's what government – are you suggesting that government counsel was not reading from the transcript of the plea agreement? No, Your Honor. The government was just reading from the immigration court proceedings transcripts, not from the transcripts from the plea agreement or settlement. That was my question. Yes. From the criminal case. Right. And there was no case. Yeah, I don't think we have in the record at all any transcript of the plea agreement. That's the problem here, Your Honors. That's the problem here – I'm sorry – that there is no signed pleading agreement. There is no transcripts where he unequivocally can demonstrate to this Court, where the government can demonstrate to this Court, that by clear and convincing that the petitioner did, in fact, plead guilty to each element of the crime as defined in Corona Sanchez. And you're arguing that the plea agreement and the abstract of judgment and the criminal complaint, they're just not enough. It's insufficient, Your Honor, because they're court records kept by the court. However, there is no indication that the petitioner himself assented to each element of the crime. And that's what Corona Sanchez requires. And why is an abstract of judgment and the plea agreement not sufficient evidence that he pled to those elements of the crime? The crime of which he stands convicted, that is to say, count one, theft of $400 strikes me as a theft offense, and he's been punished for more than a year. What ambiguity are you finding here that helps your client? Your Honor, there is – That's a hostile question. I'm trying to help you. Yes, there is no pleading agreement in this record. I understand that. But what is ambiguous about the document that we have here? What's ambiguous about this is if he pled to criminal intent of the crime of theft and if he pled to every single element as defined under Corona Sanchez. Okay. Now, first as to criminal intent, then, does the statute require intent? That is to say, does the criminal intent – The federal generic definition of a theft offense requires criminal intent, yes, Your Honor. But does the statute to which he pled require criminal intent? No. It only describes theft, but it needs to be looked in conjunction with the general defining statute, which is Section 484A of the California Penal Code, which has attempted to define theft and which this court has determined is not – Are you saying that he could be convicted under this statute for negligent taking of property? Is that what you're saying, that there's no criminal intent required under the California statute? Under Section 484A, amens rea is required. Oh, so he has pled something that has criminal intent required. He never pled to the Section 484 in the 1986. He pled to the 487.1, which just says grand theft is theft, and then it describes what you just described as far as the amounts. Thank you. Okay. Thank you. The case just started. You can submit it for decision.
judges: Schroeder, Dw Nelson, W. Fletcher